## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC** | § § § | |
| **Plaintiff,** | § § | **Case** _____ |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **BANK OF AMERICA CORPORATION BANK OF AMERICA, N.A., AND MITEK SYSTEMS, INC.** | § § § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Rothschild Mobile Imaging Innovations, LLC ("RMII"), by and through its undersigned counsel, files this Original Complaint for patent infringement against Defendants Bank of America Corporation, Bank of America, N.A. (Bank of America Corporation and Bank of America N.A. are together referred to as "Bank of America"), and Mitek Systems, Inc. ("Mitek").

### THE PARTIES

1.      RMII is a limited liability company having a principal office at 1108 Kane Concourse, Suite 310, Bay Harbor Islands, Florida 33154.

2.      On information and belief, Bank of America Corporation is a Delaware corporation having its principal office at 100 N Tryon Street, Raleigh, North Carolina 28202-4000.

3.      On information and belief, Bank of America, N.A., a wholly-owned subsidiary of Bank of America Corporation, is a federally chartered national banking association with its principal office at 100 North Tryon Street, Charlotte, NC 28201. Bank of America, N.A. holds

itself out as a national bank, subject to the National Bank Act, 12 U.S.C. § 1, *et seq.*, and regulations promulgated by the Office of the Comptroller of the Currency.

4.      On information and belief, Bank of America does business throughout the United States, including in the State and District of Delaware.

5.      On information and belief, Mitek is a Delaware corporation having its principal office at 8911 Balboa Avenue, Suite B, San Diego, California 92123.

6.      On information and belief, Mitek does business throughout the United States, including in the State and District of Delaware.

## JURISDICTION AND VENUE

7.      This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has general personal jurisdiction over Defendants in part because Defendants have sufficient minimum contacts with the forum as a result of business conducted within the State and District of Delaware. Upon information and belief, at least Defendants Bank of America Corporation and Mitek are all incorporated in and under the laws of the State of Delaware.

9.      This Court has specific personal jurisdiction over Defendants in part because of Defendants' voluntary conducts in unauthorized making, using, selling, offering to sell within, and/or importing into, the State and District of Delaware, infringing products and services, directly and/or indirectly, including by way of inducement.

10.     Upon information and belief, Defendants provide services and sell and/or market products in this District separately, with, and/or for other infringers also incorporated under the laws of the State of Delaware.

11.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b), because, upon information and belief, at least Defendants Bank of America Corporation and Mitek are incorporated under the laws of the State of Delaware and are subject to personal jurisdiction in the District of Delaware.

### JOINDER UNDER 35 U.S.C. § 299

12.     On information and belief, Defendants commercialize, market, and practice certain related and commonly derived mobile imaging products, platforms, and/or services, including but not limited to "Mobile Deposit," "Mobile Photo Bill Pay," "Mobile Photo Account Opening," "Mobile Photo Payments," "Mobile Photo Balance Transfer," "Mobile Photo Account Funding," "Mobile Insurance Quote," "Mobile Imaging Platform," and "Bank of America - Mobile Banking" instrumentalities, software, computer programs, systems, and applications (collectively "Mobile Imaging Instrumentalities").

13.     RMII's allegations of patent infringement contained herein are asserted against Defendants jointly, severally, or in the alternative, arise, at least in part, out of the same transactions, occurrences, or series of transactions or occurrences relating to Defendants' making, using, selling, offering for sale, and/or importing in and/or into the United States products, platforms, and/or services involving the same or similar related and commonly derived instrumentalities, including but not limited to the Mobile Imaging Instrumentalities.

14.     Questions of fact common to Defendants will arise in the action, including but not limited to questions relating to Defendants' infringing acts relating to the same or similar related

and commonly derived instrumentalities, including but not limited to the Mobile Imaging Instrumentalities.

15.     As a result of the foregoing, joinder is proper in this matter under 35 U.S.C. § 299.

## THE PATENTS-IN-SUIT

16.     United States Patent No. 7,450,163, titled "Device and Method for Embedding and Retrieving Information in Digital Images" ("'163 patent"), was duly and legally issued by the United States Patent and Trademark Office on November 11, 2008, to Leigh M. Rothschild.

17.     RMII is the owner of all rights, title, and interest in and under the '163 patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages. The '163 patent is valid and enforceable. A true and correct copy of the '163 patent is attached as Exhibit A.

18.     United States Patent No. 7,456,872, titled "Device and Method for Embedding and Retrieving Information in Digital Images" ("'872 patent"), was duly and legally issued by the United States Patent and Trademark Office on November 25, 2008, to Leigh M. Rothschild.

19.     RMII is the owner of all rights, title, and interest in and under the '872 patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages. The '872 patent valid and enforceable. A true and correct copy of the '872 patent is attached as Exhibit B.

20.     United States Patent No. 7,991,792, titled "System and Method for Embedding Symbology in Digital Images and Using the Symbology to Organize and Control the Digital Images" ("'792 patent"), was duly and legally issued by the United States Patent and Trademark Office on August 2, 2011, to Leigh M. Rothschild.

21.     RMII is the owner of all rights, title, and interest in and under the '792 patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages. The '792 patent is valid and enforceable. A true and correct copy of the '792 patent is attached as <u>Exhibit C</u>.

22.     United States Patent No. 7,995,118, titled "Device and Method for Embedding and Retrieving Information in Digital Images" ("'118 patent"), was duly and legally issued by the United States Patent and Trademark Office on August 9, 2011, to Leigh M. Rothschild.

23.     RMII is the owner of all rights, title, and interest in and under the '118 patent, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages. The '118 patent is valid and enforceable. A true and correct copy of the '118 patent is attached as <u>Exhibit D</u>.

## <u>COUNT I — PATENT INFRINGEMENT OF U.S. PATENT 7,450,163</u>

24.     Paragraphs 1 through 23 are incorporated by reference as if fully stated herein.

25.     On information and belief, Defendants have been infringing and continue to infringe the '163 patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale within, and/or importing into the United States, the Mobile Imaging Instrumentalities that fall within the scope of one or more claims of the '163 patent, literally or under the doctrine of equivalents, without authority.

26.     On information and belief, Mitek has had actual knowledge of the '163 patent, Plaintiff's allegations of infringement, and notice of the same Mobile Imaging Instrumentalities[1] since at least the filing of another lawsuit within this district (*Rothschild Mobile Imaging Innovations, LLC v. Mitek Systems, Inc., et al.*, Case No. 1:14-cv-00617-SLR ("First Mitek Suit"). Moreover, Mitek has knowledge that Mitek's Mobile Imaging Instrumentalities are used

---

[1] Except Bank of America - Mobile Banking application.

in the Bank of America - Mobile Banking application in a manner similar to the Chase Mobile application in the First Mitek Suit. Despite Mitek's actual knowledge of the '163 patent and the Mobile Imaging Instrumentalities before the filing of this Original Complaint, Mitek continues to willfully sell and offer for sale the Mobile Imaging Instrumentalities in an objectively reckless disregard of the likelihood of its continued infringement and is liable for willful infringement of the '163 patent.

27.     On information and belief, since at least their dates of notice, Defendants, both individually and/or collectively, have actively induced and continue to induce infringement of the '163 patent, under 35 U.S.C. § 271(b), attributable to any one person and/or entity, including but not limited to each other, banking customers, and/or mobile device users, who make, buy, use, sell, offer for sale, resell, practice, and/or import devices that include Mobile Imaging Instrumentalities that fall within the scope of one or more claims of the '163 patent, literally or under the doctrine of equivalents, without authority, within and/or into the United States, including the District of Delaware, and thereby infringe the '163 patent.  Defendants' acts of active inducement, both individually and/or collectively, have been committed with knowledge, or at least with willful blindness that the induced acts constitute infringement of the '163 patent. On information and belief, Defendants, both individually and/or collectively, intend to cause, and have taken affirmative steps to induce infringement subject to their direction and control by, *inter alia*, offering websites, software and downloadable applications, especially designed for mobile devices, including iOS and Android mobile devices, and other mobile devices platforms, which allow mobile device users and banking customers to easily capture and upload digital images to Defendants' servers. Bank of America's website can be directly accessed from many mobile devices, which allows the uploading of digital images associated with user information

by utilizing the Mobile Imaging Instrumentalities. In addition, Bank of America provides downloadable applications, which also provide for mobile device users and/or banking customers to upload digital images to Defendants' servers. Defendants, both individually and collectively, induce mobile device users and/or banking customers to upload digital images by providing easy-to-use platforms and instructions, and Defendants process and store the digital images uploaded to their servers using the associated information provided by their users. As a result, mobile device users and/or banking customers are directed to bank with Bank of America where they can easily deposit checks by uploading images of those checks to Defendants' servers, resulting in more mobile device users and/or banking customers banking with Bank of America, more deposits being made into accounts held by Bank of America, and increased revenues generated by Bank of America. Defendants have entered into contractual relationships that require and specify the use and practice of the Mobile Imaging Instrumentalities by mobile device users and/or banking customers in the United States, as covered by one or more claims of the '163 patent. Defendants additionally provide advertising and marketing of the infringing use of devices that include Mobile Imaging Instrumentalities, creating distribution channels for devices that include Mobile Imaging Instrumentalities within and into the United States, adapting devices that include Mobile Imaging Instrumentalities to conform with United States laws and regulations, and providing instructions and technical support for the installation, use, operation, and maintenance of devices that include Mobile Imaging Instrumentalities in the United States.

28.     As a direct and proximate result of Defendants' acts of patent infringement, including but not limited to direct infringement and/or indirect infringement, by way of induced infringement, of the '163 patent, RMII has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

## COUNT II — PATENT INFRINGEMENT OF U.S. PATENT 7,456,872

29.     Paragraphs 1 through 23 are incorporated by reference as if fully stated herein.

30.     On information and belief, Defendants have been infringing and continue to infringe the '872 patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale within, and/or importing into the United States, the Mobile Imaging Instrumentalities that fall within the scope of one or more claims of the '872 patent, literally or under the doctrine of equivalents, without authority.

31.     On information and belief, Mitek has had actual knowledge of the '872 patent, Plaintiff's allegations of infringement, and notice of the same Mobile Imaging Instrumentalities[2] since at least the filing of another lawsuit within this district in the First Mitek Suit. Moreover, Mitek has knowledge that Mitek's Mobile Imaging Instrumentalities are used in the Bank of America - Mobile Banking application in a manner similar to the Chase Mobile application in the First Mitek Suit. Despite Mitek's actual knowledge of the '872 patent and the Mobile Imaging Instrumentalities before the filing of this Original Complaint, Mitek continues to willfully sell and offer for sale the Mobile Imaging Instrumentalities in an objectively reckless disregard of the likelihood of its continued infringement and is liable for willful infringement of the '872 patent.

32.     On information and belief, since at least their dates of notice, Defendants, both individually and/or collectively, have actively induced and continue to induce infringement of the '872 patent, under 35 U.S.C. § 271(b), attributable to any one person and/or entity, including but not limited to each other, banking customers, and/or mobile device users, who make, buy, use, sell, offer for sale, resell, practice, and/or import devices that include Mobile Imaging Instrumentalities that fall within the scope of one or more claims of the '872 patent, literally or

[2] Except Bank of America - Mobile Banking application.

under the doctrine of equivalents, without authority, within and/or into the United States, including the District of Delaware, and thereby infringe the '872 patent. Defendants' acts of active inducement, both individually and/or collectively, have been committed with knowledge, or at least with willful blindness that the induced acts constitute infringement of the '872 patent. On information and belief, Defendants, both individually and/or collectively, intend to cause, and have taken affirmative steps to induce infringement subject to their direction and control by, *inter alia*, offering websites, software and downloadable applications, especially designed for mobile devices, including iOS and Android mobile devices, and other mobile devices platforms, which allow mobile device users and banking customers to easily capture and upload digital images to Defendants' servers. Bank of America's website can be directly accessed from many mobile devices, which allows the uploading of digital images associated with user information by utilizing the Mobile Imaging Instrumentalities. In addition, Bank of America provides downloadable applications, which also provide for mobile device users and/or banking customers to upload digital images to Defendants' servers. Defendants, both individually and collectively, induce mobile device users and/or banking customers to upload digital images by providing easy-to-use platforms and instructions, and Defendants process and store the digital images uploaded to their servers using the associated information provided by their users. As a result, mobile device users and/or banking customers are directed to bank with Bank of America where they can easily deposit checks by uploading images of those checks to Defendants' servers, resulting in more mobile device users and/or banking customers banking with Bank of America, more deposits being made into accounts held by Bank of America, and increased revenues generated by Bank of America. Defendants have entered into contractual relationships that require and specify the use and practice of the Mobile Imaging Instrumentalities by mobile

device users and/or banking customers in the United States, as covered by one or more claims of

the '872 patent. Defendants additionally provide advertising and marketing of the infringing use

of devices that include Mobile Imaging Instrumentalities, creating distribution channels for

devices that include Mobile Imaging Instrumentalities within and into the United States, adapting

devices that include Mobile Imaging Instrumentalities to conform with United States laws and

regulations, and providing instructions and technical support for the installation, use, operation,

and maintenance of devices that include Mobile Imaging Instrumentalities in the United States.

33.     On information and belief, since at least the date of notice, Mitek has actively

induced infringement of the '872 patent, under 35 U.S.C. § 271 (b), attributable to Bank of

America, who performs the infringing methods executed by and through the Mobile Imaging

Instrumentalities that fall within the scope of one or more claims of the '872 patent, literally or

under the doctrine of equivalents, without authority, within and/or into the United States,

including the District of Delaware, and thereby infringe the '872 patent. Bank of America's

alleged acts of direct infringement of the '872 patent is subject to the direction and control of

Mitek, for example, by offering, selling, instructing, developing, and/or providing the Mobile

Imaging Instrumentalities that allow Bank of America to offer websites, software and

downloadable applications, especially designed for mobile devices, including iOS and Android

mobile devices, and other mobile devices platforms, which allow mobile device users and/or

banking customers to easily capture and upload digital images containing information associated

with the images to Defendants' servers. Defendants have entered into contractual relationships

that require and specify the use and practice of the Mobile Imaging Instrumentalities by one or

more entities in the United States, as covered by one or more claims of the '872 patent.

34.     As a direct and proximate result of Defendants' acts of patent infringement,

including but not limited to direct infringement and/or indirect infringement, by way of induced infringement, of the '872 patent, RMII has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

### COUNT III — PATENT INFRINGEMENT OF U.S. PATENT 7,991,792

35.     Paragraphs 1 through 23 are incorporated by reference as if fully stated herein.

36.     On information and belief, Defendants have been infringing and continue to infringe the '792 patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale within, and/or importing into the United States, the Mobile Imaging Instrumentalities that fall within the scope of one or more claims of the '792 patent, literally or under the doctrine of equivalents, without authority.

37.     On information and belief, Mitek has had actual knowledge of the '792 patent, Plaintiff's allegations of infringement, and notice of the same Mobile Imaging Instrumentalities[3] since at least the filing of another lawsuit within this district in the First Mitek Suit. Moreover, Mitek has knowledge that Mitek's Mobile Imaging Instrumentalities are used in the Bank of America - Mobile Banking application in a manner similar to the Chase Mobile application in the First Mitek Suit. Despite Mitek's actual knowledge of the '792 patent and the Mobile Imaging Instrumentalities before the filing of this Original Complaint, Mitek continues to willfully sell and offer for sale the Mobile Imaging Instrumentalities in an objectively reckless disregard of the likelihood of its continued infringement and is liable for willful infringement of the '792 patent.

38.     On information and belief, since at least the date of notice, Mitek has actively induced infringement of the '792 patent, under 35 U.S.C. § 271 (b), attributable to Bank of America, who performs the infringing methods executed by and through the Mobile Imaging

---

[3] Except Bank of America - Mobile Banking application.

Instrumentalities that fall within the scope of one or more claims of the '792 patent, literally or under the doctrine of equivalents, without authority, within and/or into the United States, including the District of Delaware, and thereby infringe the '792 patent. Bank of America's alleged acts of direct infringement of the '792 patent is subject to the direction and control of Mitek, for example, by offering, selling, instructing, developing, and/or providing the Mobile Imaging Instrumentalities that allow Bank of America to offer websites, software and downloadable applications, especially designed for mobile devices, including iOS and Android mobile devices, and other mobile devices platforms, which allow mobile device users and/or banking customers to easily capture and upload digital images containing information associated with the images to Defendants' servers. Defendants have entered into contractual relationships that require and specify the use and practice of the Mobile Imaging Instrumentalities by one or more entities in the United States, as covered by one or more claims of the '792 patent.

39.     As a direct and proximate result of Defendants' acts of patent infringement, including but not limited to direct infringement and/or indirect infringement, by way of induced infringement, of the '792 patent, RMII has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

## COUNT IV — PATENT INFRINGEMENT OF U.S. PATENT 7,995,118

40.     Paragraphs 1 through 23 are incorporated by reference as if fully stated herein.

41.     On information and belief, Defendants have been infringing and continue to infringe the '118 patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale within, and/or importing into the United States, the Mobile Imaging Instrumentalities that fall within the scope of one or more claims of the '118 patent, literally or under the doctrine of equivalents, without authority.

42.     On information and belief, Mitek has had actual knowledge of the '118 patent, Plaintiff's allegations of infringement, and notice of the same Mobile Imaging Instrumentalities[4] since at least the filing of another lawsuit within this district in the First Mitek Suit. Moreover, Mitek has knowledge that Mitek's Mobile Imaging Instrumentalities are used in the Bank of America - Mobile Banking application in a manner similar to the Chase Mobile application in the First Mitek Suit. Despite Mitek's actual knowledge of the '118 patent and the Mobile Imaging Instrumentalities before the filing of this Original Complaint, Mitek continues to willfully sell and offer for sale the Mobile Imaging Instrumentalities in an objectively reckless disregard of the likelihood of its continued infringement and is liable for willful infringement of the '118 patent.

43.     On information and belief, since at least their dates of notice, Defendants, both individually and/or collectively, have actively induced and continue to induce infringement of the '118 patent, under 35 U.S.C. § 271(b), attributable to any one person and/or entity, including but not limited to each other, banking customers, and/or mobile device users, who make, buy, use, sell, offer for sale, resell, practice, and/or import devices that include Mobile Imaging Instrumentalities that fall within the scope of one or more claims of the '118 patent, literally or under the doctrine of equivalents, without authority, within and/or into the United States, including the District of Delaware, and thereby infringe the '118 patent.  Defendants' acts of active inducement, both individually and/or collectively, have been committed with knowledge, or at least with willful blindness that the induced acts constitute infringement of the '118 patent. On information and belief, Defendants, both individually and/or collectively, intend to cause, and have taken affirmative steps to induce infringement subject to their direction and control by, *inter alia*, offering websites, software and downloadable applications, especially designed for

---

[4] Except Bank of America - Mobile Banking application.

mobile devices, including iOS and Android mobile devices, and other mobile devices platforms, which allow mobile device users and banking customers to easily capture and upload digital images to Defendants' servers. Bank of America's website can be directly accessed from many mobile devices, which allows the uploading of digital images associated with user information by utilizing the Mobile Imaging Instrumentalities. In addition, Bank of America provides downloadable applications, which also provide for mobile device users and/or banking customers to upload digital images to Defendants' servers. Defendants, both individually and collectively, induce mobile device users and/or banking customers to upload digital images by providing easy-to-use platforms and instructions, and Defendants process and store the digital images uploaded to their servers using the associated information provided by their users. As a result, mobile device users and/or banking customers are directed to bank with Bank of America where they can easily deposit checks by uploading images of those checks to Defendants' servers, resulting in more mobile device users and/or banking customers banking with Bank of America, more deposits being made into accounts held by Bank of America, and increased revenues generated by Bank of America. Defendants have entered into contractual relationships that require and specify the use and practice of the Mobile Imaging Instrumentalities by mobile device users and/or banking customers in the United States, as covered by one or more claims of the '118 patent. Defendants additionally provide advertising and marketing of the infringing use of devices that include Mobile Imaging Instrumentalities, creating distribution channels for devices that include Mobile Imaging Instrumentalities within and into the United States, adapting devices that include Mobile Imaging Instrumentalities to conform with United States laws and regulations, and providing instructions and technical support for the installation, use, operation, and maintenance of devices that include Mobile Imaging Instrumentalities in the United States.

44.     As a direct and proximate result of Defendants' acts of patent infringement, including but not limited to direct infringement and/or indirect infringement, by way of induced infringement, of the '118 patent, RMII has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

## CONCLUSION

45.     Unless Defendants are enjoined by this Court from continuing their patent infringements, RMII will suffer additional irreparable harm for which there is no adequate remedy at law and impairment of the value of its patent rights.

46.     RMII is entitled to recover from Defendants, individually, jointly, and severally, the damages sustained by RMII as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

47.     RMII has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

48.     RMII reserves the right to amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## PRAYER FOR RELIEF

RMII respectfully requests that judgment be entered in its favor and against Defendants and that the Court grants the following relief to RMII:

A.     A judgment that Defendants have infringed and continues to infringe each of the patents-in-suit as alleged herein;

B.     A judgment that Mitek's infringement has been willful;

C.      A judgment against Defendants awarding damages to RMII to which it is entitled for patent infringement and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D.      A judgment that this is an exceptional case and that RMII be awarded its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

E.      A judgment that RMII be awarded increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284;

F.      A preliminary and permanent injunction against further and continued infringement by Defendants of each of the patents-in-suit as alleged herein; and

G.      A judgment awarding interest on RMII's damages and such other relief as the Court deems just and proper.

## JURY DEMAND

RMII hereby demands a trial by jury on all issues so triable.

Dated:  September 8, 2014       STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080
Stamatios Stamoulis #4606
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540
Facsimile:  (302) 762-1688
      weinblatt@swdelaw.com
      stamoulis@swdelaw.com
      myer@swdelaw.com


*Of Counsel*:

Michael W. Shore (*pro hac vice* to be filed)
Alfonso Garcia Chan (*pro hac vice* to be filed)
Dustin Lo (*pro hac vice* to be filed)
**SHORE CHAN DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone:  (214) 593-9110
Facsimile:  (214) 593-9111
      mshore@shorechan.com
      achan@shorechan.com
      dlo@shorechan.com


**ATTORNEYS FOR PLAINTIFF
ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC**