# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MITEK SYSTEMS, INC.,<br>JPMORGAN CHASE & CO. and<br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendants. | C.A. No. 14-617-GMS<br><br>JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br>BANK OF AMERICA, N.A.,<br>NCR CORPORATION and<br>MITEK SYSTEMS, INC.,<br><br>    Defendants. | C.A. No. 14-1142-GMS<br><br>JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CITIBANK, N.A.,<br>NCR CORPORATION and<br>MITEK SYSTEMS, INC.,<br><br>    Defendants. | C.A. No. 14-1143-GMS<br><br>JURY TRIAL DEMANDED |

Case 1:14-cv-01142-GMS   Document 61   Filed 07/30/15   Page 2 of 7 PageID #: 1091

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY,<br>WELLS FARGO BANK, N.A., FISERV, INC.<br>and MITEK SYSTEMS, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 14-1144-GMS<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

**MITEK'S AND CHASE BANK'S RENEWED MOTION TO DISMISS PLAINTIFF'S WILLFULNESS ALLEGATIONS AND BANK OF AMERICA'S, CITIBANK'S, AND WELLS FARGO'S MOTION FOR JOINDER**

Defendants Mitek Systems, Inc. ("Mitek"); JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively "Chase") hereby renew their motion to dismiss Plaintiff's willfulness allegations previously filed at D.I. 13 in C.A. No. 14-617 and previously granted by the Court on March 30, 2015 (D.I. 51 in C.A. No. 14-617). Defendants Bank of America Corporation and Bank of America, N.A. (collectively "BOA"); Citigroup Inc. and Citibank, N.A. (collectively "Citibank"); Wells Fargo & Company and Wells Fargo Bank, N.A., (collectively "Wells Fargo") hereby join in this motion to dismiss.[1]

In support of this motion, each of the foregoing Defendants (the "Moving Defendants") rely on the Court's Memorandum Order dated March 30, 2015, D.I. 51 in C.A. No. 14-617, issued by Judge Robinson before this matter was reassigned, dismissing Plaintiff's willfulness allegations in the C.A. No. 14-617 action for failure to allege pre-suit notice of the asserted

---

[1] Mitek, Chase, BOA, Citibank, and Wells Fargo are collectively referred to herein as the "Moving Defendants." Newly-accused Defendants NCR Corporation and Fiserv, Inc. will respond to Plaintiff's complaints in accordance with their respective deadlines.

1

patents. The Moving Defendants additionally rely on the previously-filed briefing in support of their motions to dismiss as follows:[2]

- C.A. No. 14-617 ("Chase Action") at D.I. 14 (Opening Brief) and D.I. 22 (Reply Brief)
- C.A. No. 14-1142 ("BOA Action") at D.I. 16 (Opening Brief) and D.I. 34 (Reply Brief)
- C.A. No. 14-1143 ("Citi Action") at D.I. 12 (Opening Brief) and D.I. 39 (Reply Brief)
- C.A. No. 14-1144 ("Wells Fargo Action") at D.I. 9 (Opening Brief) and D.I. 15 (Reply Brief)

The Court's prior Order expressly established as law of the case that Plaintiff's reliance on the "mere notice of the charge of infringement gleaned from the complaint does not pass muster for a willfulness claim under Rule 8." C.A. No. 14-617, D.I. 51, at 8. Plaintiff has nonetheless re-pled its previously dismissed allegations in support of its willfulness claims against each defendant. Indeed, for Defendants Mitek and Citibank, Plaintiff relies solely on "knowledge gleaned from the complaint" to provide the notice required for its claim, in direct contravention of the Court's Order, and has made no attempt to allege pre-suit knowledge of the patents after having three "bites at the apple."[3] Plaintiff's failed willfulness claims against Mitek and Citibank should thus be dismissed with prejudice.

With respect to Defendants Chase, BOA, and Wells Fargo, Plaintiff purports to supplement its willfulness allegations in the Amended Complaints by implying the existence of pre-suit notice from the assertion that it sent an unsolicited email concerning an offer to sell a

---

[2] The referenced motions to dismiss filed by Mitek in C.A. Nos. 14-1142 and 14-1143 seek dismissal of Plaintiff's willfulness claims in the alternative to Mitek's request for dismissal of Plaintiff's complaints against Mitek in their entirety as wholly duplicative of Plaintiff's first-filed complaint against Mitek in C.A. No. 14-617.

[3] Plaintiff has already amended its complaint against Mitek twice in the Chase action (C.A. No. 14-617 at D.I. 7 and D.I. 64).

portfolio of an unspecified number of patents and patent applications, in which the asserted patents were allegedly included, to a single employee from each of Chase, BOA, and Wells Fargo.[4]  Even if taken as true, however, such an allegation is insufficient to support the pre-suit knowledge necessary to Plaintiff's willfulness claim.  *See, e.g., Spherix Inc. v. Cisco Sys., Inc.*, Case No. 1:14-cv-00393, 2015 WL 1517435, at *2 (D. Del. Mar. 31, 2015) (dismissing willfulness claim based on the court's refusal to infer pre-suit knowledge of specific patents from the accused infringer's prior participation in the auction of a patent portfolio, noting the complaint "must adequately allege factual circumstances in which the patents-in-suit are called to the attention of the defendants.") (internal quotations omitted).  *See also Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d. 495, 499-500 (D. Del. Sept. 3, 2014) (dismissing willfulness claim based on finding that general allegations of prior discussions with and a presentation from the plaintiff were insufficient to support an inference of notice).  Moreover, Plaintiff failed to "demonstrate a link between the allegations of knowledge and the allegations that the risks of infringement were known or obvious."  *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, Case No. 13-cv-2052-LPS, 2014 WL 4675316, at *9 (D. Del. Sept. 19, 2014) (internal quotations omitted).

      Because Plaintiff's purportedly "enhanced" willfulness allegations against Chase, BOA, and Wells Fargo fail to "adequately allege factual circumstances" to support an inference of pre-suit knowledge and then fail to "link" the purported knowledge to allegations of infringement risk, Plaintiff's claim should be dismissed as to these Defendants as well.

---

[4] *See, e.g.,* Chase Action, D.I. 64, at ¶ 27 ("Upon new information and belief, Chase Bank has had knowledge of the '163 patent and other related patents and applications since at least January 25, 2013.  On that date, Plaintiff sent an email and a summary of the patents to Chase Bank employee Kathlyn Card Beckles to inquire whether Chase Bank had any interest in purchasing the '163 patent and the other related patents and applications because the portfolio has applicability to services such as mobile banking services.").

Dated: July 30, 2015

        */s/ Mary B. Matterer*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

OF COUNSEL:

Robin L. McGrath
Edward J. Benz III
David L. Gann
PAUL HASTINGS LLP
1170 Peachtree Street, Suite 100
Atlanta, Georgia 30309
(404) 815-2400
robinmcgrath@paulhastings.com

Naveen Modi
Phillip W. Citroen
PAUL HASTINGS LLP
875 15th Street NW
Washington, D.C. 20005
(202) 551-1700
naveenmodi@paulhastings.com
phillipcitroen@paulhastings.com

Joel C. Lin
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304
(650) 320-1800
joellin@paulhastings.com

*Attorneys for Defendants Mitek Systems, Inc.,*
*JPMorgan Chase & Co.,*
*JPMorgan Chase Bank N.A.,*
*Bank of America Corporation,*
*Bank of America, N.A.,*
*Citigroup Inc., Citibank, N.A.,*
*Wells Fargo & Company, and*
*Wells Fargo Bank, N.A.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>MITEK SYSTEMS, INC.,<br>JPMORGAN CHASE & CO. and<br>JPMORGAN CHASE BANK, N.A.,<br><br>      Defendants. | C.A. No. 14-617-GMS<br><br>JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br>BANK OF AMERICA, N.A.,<br>NCR CORPORATION and<br>MITEK SYSTEMS, INC.,<br><br>      Defendants. | C.A. No. 14-1142-GMS<br><br>JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CITIBANK, N.A.,<br>NCR CORPORATION and<br>MITEK SYSTEMS, INC.,<br><br>      Defendants. | C.A. No. 14-1143-GMS<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., FISERV, INC. and MITEK SYSTEMS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 14-1144-GMS <br><br> JURY TRIAL DEMANDED |

## [PROPOSED] ORDER

Having considered **MITEK'S AND CHASE BANK'S RENEWED MOTION TO DISMISS PLAINTIFF'S WILLFULNESS ALLEGATIONS AND BANK OF AMERICA'S, CITIBANK'S, AND WELLS FARGO'S MOTION FOR JOINDER** and all related briefing,

**IT IS HEREBY ORDERED** this ____ day of _____, 2015 that the Motion is **GRANTED**, and Plaintiff's Willfulness Allegations are dismissed.

_____
UNITED STATES DISTRICT COURT JUDGE
