# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>MITEK SYSTEMS, INC.,<br>JPMORGAN CHASE & CO. and<br>JPMORGAN CHASE BANK, N.A.,<br><br>  Defendants. | C.A. No. 14-617-GMS<br><br>JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br>BANK OF AMERICA, N.A.,<br>NCR CORPORATION and<br>MITEK SYSTEMS, INC.,<br><br>  Defendants. | C.A. No. 14-1142-GMS<br><br>JURY TRIAL DEMANDED |
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CITIBANK, N.A.,<br>NCR CORPORATION and<br>MITEK SYSTEMS, INC.,<br><br>  Defendants. | C.A. No. 14-1143-GMS<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., FISERV, INC. and MITEK SYSTEMS, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 14-1144-GMS<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

# DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

OF COUNSEL:

Robin L. McGrath
Edward J. Benz III
PAUL HASTINGS LLP
1170 Peachtree Street, Suite 100
Atlanta, Georgia 30309
(404) 815-2400
robinmcgrath@paulhastings.com
joebenz@paulhastings.com

Naveen Modi
Phillip W. Citroen
PAUL HASTINGS LLP
875 15th Street NW
Washington, D.C. 20005
(202) 551-1700
naveenmodi@paulhastings.com
phillipcitroen@paulhastings.com

Joel C. Lin
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304
(650) 320-1800
joellin@paulhastings.com

Dated: September 21, 2016

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

**ATTORNEYS FOR DEFENDANTS MITEK SYSTEMS, INC., JP MORGAN CHASE & CO., JP MORGAN CHASE BANK, N.A., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., CITIGROUP INC., CITIBANK, N.A, WELLS FARGO & COMPANY, AND WELLS FARGO BANK, N.A.**

**TABLE OF CONTENTS**

I.     INTRODUCTION .................................................................................................................. 1

II.    BACKGROUND FACTS ...................................................................................................... 2

III.   ARGUMENT AND CITATION OF AUTHORITY ............................................................. 4

      A.   RMII'S Motion to Dismiss Should Be Denied in Favor of a Judgment
          of Non-Infringement ................................................................................................ 4

          1.   The Court Continues to Have Jurisdiction Over This Case .......................... 4

          2.   The Court Should Exercise Declaratory Judgment Jurisdiction ................... 5

          3.   The Court Should Enter a Declaratory Judgment of
               Non-Infringement on All Claims Held Unpatentable by the PTAB ............ 6

      B.   Any Dismissal Should be With Prejudice ................................................................ 7

      C.   The Court Maintains Collateral Jurisdiction Over RMII's Claim
          for Attorneys' Fees and Costs ................................................................................. 9

IV.    CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Commil USA, LLC v. Cisco Sys, Inc.*,
    135 S. Ct. 1920 (Fed. Cir. 2015) ................................................................................................6

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (U.S. 1990) .......................................................................................................10

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l*,
    Case No. 4:03-cv-01431-PJH, D.I. 1162, (N.D. Cal, Jan. 21, 2014) .......................................7

*Fresenius UA, Inc. v. Baxter Intern., Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013) ........................................................................................4, 6, 7

*Manildra Milling Corp. v. Ogilvie Mills*,
    76 F.3d 1178 (Fed. Cir. 1996) ..................................................................................................9

*Moore v. Permanente Med. Group, Inc.*,
    981 F.2d 443 (9th Cir. 1992) ....................................................................................................9

*Nexans Inc. v. Belden Inc.*,
    No. CV 12-1491-SLR-SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014) ...............................5

*In re Orthopedic "Bone Screw" Products Liability Litig.*,
    132 F.3d 152 (3d Cir. 1997) .....................................................................................................7

*Power Mosfet Techs, L.L.C. v. Siemens AG*,
    378 F.3d 1396 (Fed. Cir. 2004) ................................................................................................2

*Samsung Elecs Co., Ltd v. Rambus, Inc.*,
    398 F. Supp. 2d 470 (E.D. Va. Nov. 8, 2005) ..........................................................................9

*Target Training Int'l, Ltd. V. Extended Disc. N. Am., Inc.*,
    645 Fed. Appx. 1018 (Fed. Cir. 2016) .....................................................................................5

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
    No. 12-cv-646, 2015 WL 887935 at *4 (D. Del. Mar. 3, 2015) ...............................................8

**RULES**

D. Del. LR 54.1 ................................................................................................................................9

Federal Rule of Civil Procedure 41(a) .............................................................................................8

Federal Rule of Civil Procedure 41(a)(1) ..................................................................................10

Federal Rule of Civil Procedure 54(d)(1) ....................................................................................9

Federal Rule of Civil Procedure 54(d)(2)(B)..............................................................................10

Federal Rule of Evidence 408......................................................................................................4


**STATUTES**

35 U.S.C. § 285.......................................................................................................................9, 10

## I.   INTRODUCTION

The Court should deny Plaintiff Rothschild Mobile Imaging Innovations, LLC's ("RMII") Motion to Dismiss without prejudice and instead enter a judgment of non-infringement in favor of Defendants Mitek Systems, Inc. (Mitek"), JPMorgan Chase & Co., JPMorgan Chase Bank, N.A, Bank of America Corporation, Bank of America, N.A, Citigroup Inc., Citibank, N.A., Wells Fargo & Company, and Wells Fargo Bank, N.A., NCR Corporation, and Fiserv, Inc. (collectively "Defendants").  As shown herein, RMII's motion is predicated on its assertion that the decisions of the Patent and Trademark Office's Patent and Trial Board ("PTAB") finding all asserted patent claims to be unpatentable divests the Court of jurisdiction over RMII's infringement claims.  In making this argument, however, RMII ignores that the Court continues to have jurisdiction over Defendants' counterclaims for declaratory judgments of non-infringement and invalidity, counterclaims that are not limited to the patent claims ruled unpatentable by the PTAB.  While RMII, on the one hand, urges the Court to decline the exercise of declaratory judgment jurisdiction, implying that the PTAB's ruling eliminates any live controversy, in the next breath, RMII threatens a future infringement action against Defendants with respect to the surviving claims of the patents-in-suit, underscoring that there continues to be a live controversy.

Since May of 2014, Defendants have defended against RMII's meritless infringement claims both in this Court and before the PTAB, expending substantial sums of money in doing so.  RMII labeled Defendants as patent infringers not just in the public filings in this case, but in at least one press release that RMII broadly distributed.  Having prevailed on all of RMII's meritless infringement claims through the invalidation of the asserted patent claims, Defendants are entitled to a judgment that they did not and do not infringe those claims.

## II.     BACKGROUND FACTS

When RMII first initiated this action, it accused Defendant Mitek, the source of the accused technology, of infringing U.S. Patent Nos. 7,450,163 (the "'163 patent"), 7,456,872 (the "'872 patent"), 7,991,792 (the "'792 patent"), and 7,995,118 (the "'118 patent") (collectively, the "patents-in-suit").  Its Complaint did not identify any specific claims of the patents-in-suit that the accused technology purportedly infringed (D.I. 1)[1].  In an admitted effort to litigate Mitek "out of business," RMII subsequently brought actions against four banks that use the accused Mitek technology, and it later added to the case two technology companies that resell the accused Mitek technology.  Again, RMII's Complaints against these Mitek customers did not identify any specific patent claim allegedly infringed by Defendants' use of the Mitek technology.  Despite providing defendants with no prior notice of its infringement claims, RMII accused each Defendant of willful infringement, requiring Defendants to file several successful motions to dismiss RMII's willfulness claims (D.I. 13, 51).  Even after the Court granted Mitek's motion to dismiss RMII's willfulness claim, RMII filed an amended complaint again asserting a claim for willful infringement against Mitek, requiring Mitek to file yet a second successful motion to dismiss (D.I. 70).

Subsequently, Defendants filed their respective answer and counterclaims, each asserting counterclaims for declaratory judgments of non-infringement and invalidity with respect to all claims in the patents-in-suit.  On November 10, 2015 and especially in light of RMII's admission that it intended to continue suing Mitek's customers in order to put Mitek "out of business through horrific indemnity obligations," Defendants filed motions to sever and stay the litigation against the bank Defendants, which motion was ultimately granted on July 31, 2015 (D.I. 71).

---

[1] All docket cites are to Case No. 14-617 unless otherwise noted.

On January 26, 2015, Mitek filed before the PTAB a number of *Inter Partes* Review ("IPR") petitions seeking to invalidate all claims in each of the four patents-in-suit (D.I. 73). Over the course of the next several months, while awaiting the PTAB's institution decisions, the parties engaged in meaningful and substantial discovery. Specifically, on May 29, 2015, RMII served its infringement contentions, identifying the specific claims from each patent-in-suit it accused Defendants of infringing (D.I. 56). On June 30, 2015, Mitek served its invalidity contentions, identifying dozens of grounds for invalidating the patents-in-suit (D.I. 58). Defendants further invested a significant amount of time preparing responses to RMII's interrogatories and document requests and producing thousands of pages of documents (D.I. 65).

Between July 23 and August 6, 2015, the PTAB issued its institution decisions, agreeing to institute IPR proceedings against (i) all claims of the '163 and '118 patents, (ii) all but one claim (claim 11) of the '792 patent, and (iii) four claims of the '872 patent (D.I. 73). Because the IPR proceedings were instituted against all claims asserted in the litigation, on August 12, 2015, the parties stipulated to staying the case pending the last issued decision in the IPR proceedings (*id.*). On September 1, the Court stayed and administratively closed the cases, ordering the parties to advise the Court of the results of the IPR proceedings within fourteen days of the issuance of the last IPR decision (D.I. 75).

The last of the four IPR decisions was issued on July 20, 2016. The PTAB found unpatentable each and every claim at issue in all four IPR proceedings and asserted by RMII in the litigation (Ex. 1). With that ruling, and given RMII's right to appeal the PTAB's unpatentability decisions, the parties spent the next several months attempting to reach

agreement on the final disposition of the litigation. On September 16, 2016, it became clear that the parties reached an impasse (D.I. 80). Thus, to date, no agreement has been reached.[2]

### III.     ARGUMENT AND CITATION OF AUTHORITY

**A.     RMII's Motion to Dismiss Should Be Denied in Favor of a Judgment of Non-Infringement.**

According to RMII, the Court should dismiss this action without prejudice because the PTAB's unpatentability decisions divest this Court of jurisdiction over this case. RMII is wrong.

**1.     The Court Continues to Have Jurisdiction Over This Case.**

RMII correctly notes that in *Fresenius UA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013), the Federal Circuit held that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot"[3] (D.I. 82, p. 4). Thus, in view of the *Fresenius* decision and absent an appeal of the IPR decisions,[4] there is no question that RMII's infringement claims against Defendants are moot and that RMII cannot pursue its claims against Defendants in this case. *See Fresenius*, 721 F.3d at 1340. But the fact that RMII cannot pursue its claims against Defendants does not mean that *Defendants* are without the right to pursue their claims against RMII. Indeed, nothing in any case RMII cites indicates that when claims are rendered unpatentable in an administrative proceeding, the Court loses jurisdiction over ***any and all*** claims in the case. Rather, the cases are specific that it is the "***patentee*** [that] loses any cause of action based on that

---

[2] RMII's assertion that it granted Defendants a covenant not to sue is not only false, but is in violation of Federal Rule of Evidence 408 (D.I. 82, p. 6).

[3] Notably, the cancellation decision in *Fresenius* was final, as it was affirmed by the Federal Circuit on appeal. *Fresenius*, 721 F.3d at 1361. Here, the deadline for appeal has not yet run.

[4] To the extent RMII had any intent to appeal the PTAB's decisions, it should and would have sought to continue the stay in these cases pending such appeal. Its decision to seek a dismissal in lieu of a stay strongly indicates that it has no intention to appeal.

4

claim." *Id.* *See also Target Training Int'l, Ltd. V. Extended Disc. N. Am., Inc.*, 645 Fed. Appx. 1018, 1022 (Fed. Cir. 2016) (same); *Nexans Inc. v. Belden Inc.*, No. CV 12-1491-SLR-SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014) (same).

Here, Defendants have asserted counterclaims for declaratory judgments of both non-infringement and invalidity. Defendants' counterclaims are not limited to the claims asserted by RMII, but concern ***all*** claims of the four patents-in-suit.[5] Although RMII urges the Court to refrain from agreeing to exercise jurisdiction over Defendants' declaratory judgment claims – an argument addressed below – RMII cites nothing to establish that the Court is without jurisdiction over those claims. Indeed, none of the cases RMII cites address the issue of continuing jurisdiction over declaratory judgment claims.

### 2. The Court Should Exercise Declaratory Judgment Jurisdiction.

RMII does not dispute the Court's exercise of jurisdiction over Defendants' declaratory judgment counterclaims at the outset of the case. Instead, it argues that in light of the PTAB's decision holding all asserted claims unpatentable, the Court should decline to exercise jurisdiction over Defendants counterclaims, insinuating that the PTAB's unpatentability decisions removes any controversy (D.I. 82, p. 6). RMII makes this argument despite insisting that its claims be dismissed "without prejudice" so that it may pursue additional actions against Defendants (*id.*, p. 9). RMII's threat of future litigation against Defendants undermines any argument that there is no actual case or controversy.

Indeed, RMII brought a meritless infringement action against Mitek and then

---

[5] In the joint status report filed on September 16, Defendants indicated that in "view of the PTAB's decisions invalidating all asserted claims of all four patents-in-suit, no issues of liability remain in the case." The issue of whether the Court has jurisdiction over Defendants' declaratory judgment claims, however, is a different and separate issue from whether Defendants are willing to dismiss those claims in order to obtain entry of a judgment.

5

compounded its harassing conduct by further targeting six of Mitek's customers. RMII not only promised to use the litigation to "stomp Mitek out of existence," but its lawyer boasted that he was "happy to be the agent of [Mitek's] demise." (D.I. 28 at Exs. 4, 5). Now, after the PTAB vindicated Defendants' invalidity positions by ruling all asserted claims unpatentable, RMII seeks to have the case dismissed "without prejudice," sending a clear signal that it will be asserting the surviving claims against one or more of the Defendants in future litigation. Especially in view of this history, the Court should maintain jurisdiction over Defendants declaratory judgment claims and, for the reasons discussed below, enter judgment of non-infringement against RMII.

### 3. The Court Should Enter a Declaratory Judgment of Non-Infringement on All Claims Held Unpatentable by the PTAB.

It is black letter law that a defendant cannot infringe an invalid patent. *Commil USA, LLC v. Cisco Sys, Inc.*, 135 S. Ct. 1920, 1929 (2015) ("To say that an invalid patent cannot be infringed . . . is in one sense a simple truth."). There is also no question that absent a successful appeal of the PTAB's unpatentability decisions, the PTAB's decisions are binding on this Court. *Fresenius*, 721 F. 3d. at 1351 ("cancellation of claims during reexamination" is "binding in concurring infringement litigation."). Despite the meritless nature of its claims, RMII publically labeled Mitek and six of its customers as patent infringers, issuing at least one press release in which it not only publicized its infringement claims against Defendants, but asserted an imminent expectation that it would "declare a victory" in the case (Ex. 2) (Press release entitled "Rothschild Mobile Imaging Innovations Eyes Victory in Patent Dispute Against Mitek Systems, Inc., Chase Bank, Bank of America, Citigroup, and Wells Fargo."). Now that the PTAB has ruled the asserted claims unpatentable, thereby precluding RMII from establishing what it has

6

broadly published to the public, Defendants should be entitled to a declaratory judgment that it has not infringed any of the asserted claims.

### B. Any Dismissal Should be With Prejudice.

In the event the Court finds that a dismissal is the appropriate way to proceed, the Court should dismiss the case *with* prejudice. The *only* case RMII cites to support the idea that pending litigation should be dismissed *without* prejudice when patent claims are ruled unpatentable is *In re Orthopedic "Bone Screw" Products Liability Litig.*, 132 F.3d 152, 155 (3d Cir. 1997), a case that concerns neither patent litigation nor cancellation of patent claims. Indeed, there is nothing in the *Bone Screw* case that would mandate a dismissal *without* prejudice of RMII's claims in this case. There, the plaintiff brought an action in state court which was then removed to federal court. Upon the defendant's motion, the district court dismissed the plaintiff's case with prejudice as a sanction for failing to comply with the pretrial order. *Id*. at 153-154. On appeal, the Third Circuit found that the district court did not have jurisdiction to issue such a sanction because it had no subject matter jurisdiction over the case since there was neither federal question jurisdiction nor diversity of citizenship. *Id*. at 156. At best, therefore, the *Bone Screw* case stands for the proposition that a district court lacking subject matter jurisdiction from the outset is without authority to dismiss a case with prejudice as a sanction.

Here, the Court not only had subject matter jurisdiction over this case at the outset, but it continues to have subject jurisdiction over the case by virtue of Defendants' declaratory judgment counterclaims. Notably, in *Fresenius*, the case on which RMII relies most heavily for its motion to dismiss, the case was dismissed upon remand *with* prejudice. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l*, Case No. 4:03-cv-01431-PJH, D.I. 1162, (N.D. Cal, Jan. 21, 2014).

The Court should also deny Defendants motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Given the time, money, and effort Defendants have expended in this litigation, there is no question Defendants would face "substantial prejudice" should the claims not be dismissed with prejudice. Indeed, the only legitimate reason for RMII to seek a dismissal without prejudice is so it could pursue litigation over the surviving patent claims against Defendants, something RMII implicitly admits when it asserts that dismissing with prejudice would "permit the Banks to infringe these 35 claims" (D.I. 82, p. 9). Any such future suit, however, would unquestionably cause Defendants to be "substantially prejudiced" by having to expend "additional effort and expense in a subsequent proceeding." *See,e.g., TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-cv-646, 2015 WL 887935 at *4 (D. Del. Mar. 3, 2015) (noting that defendant will be "substantially prejudiced" if plaintiff reasserts claims in future litigation "after the considerable discovery in this matter, by causing additional effort and expense in a subsequent proceeding.").

While it is true that this case was in a *relatively* early stage when the stay was entered, Defendants were nevertheless forced to incur significant expense defending RMII's meritless claims during the fifteen months the case progressed before the stay. Specifically, during that time, RMII's assertion of duplicative, meritless claims caused Defendants to engage in substantial motions practice, including the filing of (i) multiple motions to dismiss RMII's willfulness claims (*e.g.*, D.I. 13, 70); (ii) a motion to dismiss duplicative claims against Mitek (1142 Act., D.I. 59); (iii) a motion to dismiss RMII's claims against bank holding company Citigroup (1143 Act., D.I. 15), and (iv) a motion to sever and stay (D.I. 26). Similarly, while discovery had not been completed at the time of the stay, Defendants incurred substantial expense preparing detailed invalidity contentions, responding to interrogatories, and producing

8

thousands of pages of documents. RMII has thus not established an entitlement to a dismissal without prejudice.

### C. The Court Maintains Collateral Jurisdiction Over RMII's Claim for Attorneys' Fees and Costs.

Regardless of how the Court opts to dispose of this litigation, Defendants (i) are entitled under the Federal and Local Rules to an award of costs and, (ii) given the exceptional nature of this case, should be permitted an opportunity to seek attorneys' fees under 35 U.S.C. § 285.

Federal Rule of Civil Procedure 54(d)(1) states that unless "a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(l). Similarly, Local Rule 54.l(a)(l) provides that unless "otherwise ordered by the Court, the prevailing party shall be entitled to costs." D. Del. LR 54 .1. There can be no question that Defendants are the "prevailing" party in this case. Through their declaratory judgment counterclaims, Defendants asserted that the patents-in-suit were invalid and not infringed, and indeed all asserted claims of the patents-in-suit were rendered invalid, thereby precluding RMII from prevailing on any of its infringement claims. As the Federal Circuit has explained, "[i]n those cases in which one party wins completely on every claim at issue, determining which party has prevailed is a straightforward task." *Manildra Milling Corp. v. Ogilvie Mills*, 76 F.3d 1178, 1182 (Fed. Cir. 1996); *Power Mosfet Techs, L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 ("a party dismissed with prejudice is a prevailing party").

The Federal Circuit has also been clear that "an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); *Samsung Elecs Co., Ltd v. Rambus, Inc.*, 398 F. Supp. 2d 470, 481 (it "is settled that, '[i]n cases involving intervening mootness[], a district may still award attorney's fees under' section 285")

9

(internal citation omitted); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (a decision regarding "imposition of costs, attorney's fees . . . may be made after the principal suit has been terminated" under Rule 41(a)(1). Accordingly, even if the Court were to grant RMII's motion to dismiss under Rule 41(a) in lieu of entering a judgment of non-infringement, it will retain jurisdiction to entertain a fees motion by Defendants.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (i) deny RMII's Motion to Dismiss without prejudice, (ii) enter a judgment of non-infringement in favor of Defendants, (iii) award Defendants their costs as prevailing party, and (vi) allow Defendants to file a motion for attorneys' fees under 35 U.S.C. § 285 within the time permitted by Federal Rule of Civil Procedure 54(d)(2)(B). In the alternative to (ii) above, Defendants request that the Court dismiss RMII's claims with prejudice.

Dated: September 21, 2016

    */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

OF COUNSEL:

Robin L. McGrath
Edward J. Benz III
PAUL HASTINGS LLP
1170 Peachtree Street, Suite 100
Atlanta, Georgia 30309
(404) 815-2400
robinmcgrath@paulhastings.com
joebenz@paulhastings.com

        Naveen Modi
        Phillip W. Citroen
        PAUL HASTINGS LLP
        875 15th Street NW
        Washington, D.C. 20005
        (202) 551-1700
        naveenmodi@paulhastings.com
        phillipcitroen@paulhastings.com

        Joel C. Lin
        PAUL HASTINGS LLP
        1117 S. California Avenue
        Palo Alto, California 94304
        (650) 320-1800
        joellin@paulhastings.com

**ATTORNEYS FOR DEFENDANTS MITEK SYSTEMS, INC., JP MORGAN CHASE & CO., JP MORGAN CHASE BANK, N.A., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., CITIGROUP INC., CITIBANK, N.A, WELLS FARGO & COMPANY, AND WELLS FARGO BANK, N.A.**