**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 14-617-GMS |
| MITEK SYSTEMS, INC., JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 14-1142-GMS |
| BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., NCR CORPORATION, and MITEK SYSTEMS, INC., | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 14-1143-GMS |
| CITIGROUP INC., CITIBANK, N.A., NCR CORPORATION, and MITEK SYSTEMS, INC., | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

| | |
|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 14-1144-GMS |
| WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., FISERV, INC., and MITEK SYSTEMS, INC., | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Richard C. Weinblatt #5080
Stamatios Stamoulis #4606
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
weinblatt@swdelaw.com
stamoulis@swdelaw.com

*Of Counsel*:

Michael W. Shore
Alfonso Garcia Chan
Andrew M. Howard
**SHORE CHAN DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
ahoward@shorechan.com

ATTORNEYS FOR PLAINTIFF
ROTHSCHILD MOBILE IMAGING
INNOVATIONS, LLC

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................................ 1

II.    FACTUAL BACKGROUND ....................................................................... 1

III.   ARGUMENTS AND AUTHORITIES ....................................................... 2

     A. All claims should be dismissed without prejudice because they are moot. ................ 2

     B. In the alternative, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41. ........................................................... 4

     C. Defendants' arguments regarding collateral jurisdiction are premature. ................... 8

IV.   CONCLUSION........................................................................................... 8

## TABLE OF AUTHORITIES

<u>CASES</u>

*AGC Networks, Inc. v. Relevante, Inc.*,
  No. 14-308-LPS, 2015 WL 1517419 (D. Del. Mar. 31, 2015)............................................7

*Carroll v. ABM Janitorial Services-MID Atlantic, Inc.*,
  970 F. Supp. 2d 292 (D. Del. 2013)....................................................................................7

*DermaFocus LLC v. Ulthera, Inc.*,
  No. 15-654-SLR, 2016 WL 4263122 (D. Del. Aug. 11, 2016) ...........................................5

*Dow Chem. Co. v. Mee Indus., Inc.*,
  341 F.3d 1370 (Fed. Cir. 2003)...........................................................................................3

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013)...........................................................................................2

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
  136 S. Ct. 1923 (2016).........................................................................................................5

*Hayden v. Westfield Ins. Co.*,
  586 Fed. Appx. 835 (3d Cir. 2014).....................................................................................4

*Microsoft Corp v. DataTern, Inc.*,
  755 F.3d 899 (Fed. Cir. 2014).............................................................................................4

*Nexans Inc. v. Belden Inc.*,
  No. CV 12-1491-SLR-SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014) ...................... 2-3

*Lough v. Brunswick Corp.*,
  86 F.3d 113 (Fed. Cir. 1996)...............................................................................................3

*Reach & Assocs., P.C. v. Dencer*,
  C.A. No. 02-1355-JJF, 2004 WL 253487 (D. Del. Feb. 9, 2004)........................................4

*SanDisk Corp. v. STMicroelectronic, Inc.*,
  480 F.3d 1372 (Fed. Cir. 2007)...........................................................................................4

*Sandt Tech. Ltd. v. Resco Metal & Plastics Corp.*,
  264 F.3d 1344 (Fed. Cir. 2001)...........................................................................................3

*Target Training Int'l, Ltd. v. Extended Disc. N. Am., Inc.*,
  645 Fed. Appx. 1018 (Fed. Cir. 2016).................................................................................2

*Tol-O-Matic, Inc. v. Proma Produkt-Und Mktg. Gesellschaft*,
  945 F.2d 1546 (Fed. Cir. 1991)...........................................................................................4

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
  No. 12-cv-646, 2015 WL 887935 (D. Del. Mar. 3, 2015).....................................................4

iv

*Typeright Keyboard Corp. v. Microsoft Corp.*,
   374 F.3d 1151 (Fed. Cir. 2004) ...........................................................................3

*U.S. ex rel. Atkinson v. P.A. Shipbuilding Co.*,
   473 F.3d 506 (3d Cir. 2007) ...............................................................................5

*Weatherchem Corp. v. J.L. Clark, Inc.*,
   163 F.3d 1326 (Fed. Cir. 1998) ...........................................................................3

<u>RULES</u>

FEDERAL RULE OF CIVIL PROCEDURE 41 ...........................................................1, 4

FEDERAL RULE OF EVIDENCE 408 ......................................................................6, 7

## I.    INTRODUCTION

In response to RMII's[1] motion to dismiss without prejudice, Mitek,[2] the Banks[3] and

two defendants who have not answered[4] requested entry of judgment of non-infringement on

an incomplete record and without any claim construction proceedings, depositions, hearings

on substantive issues, or briefing on the merits. In doing so, Defendants (1) ignore more than

a decade of Federal Circuit precedent that states the above-captioned lawsuits are mooted for

lack of a case or controversy based upon invalidation of the asserted patent claims at the

Patent Trial and Appeal Board ("PTAB") and (2) seek to rescind prior judicial stipulations

that the case is in a relatively early stage. This case was in a nascent stage when the parties

agreed to stay pending PTAB action and as soon as the IPRs were decided, RMII moved to

dismiss. Rather than engage Defendants' factually and legally infirm attempts to malign

RMII based upon settlement communications and protected speech, the Court should

preserve judicial and party resources and dismiss this case without prejudice as moot.

## II.    FACTUAL BACKGROUND

Defendants mischaracterize the facts of this case by stating "[s]ince May of 2014,

Defendants have defended against RMII's meritless infringement claims." (D.I. 83 p.1). It

cannot be fairly disputed that: (1) Defendants did not even answer RMII's claims until June

29, 2015 (D.I. 69, 60); (2) not a single discovery dispute was ever before the Court; (3) no

substantive hearings occurred; (4) claim construction proceedings did not occur; (5) no

dispositive motions were filed; (6) the Court found the litigation was still "in a nascent stage"

(D.I. 71); and (7) the parties stipulated "discovery is not complete and the cases are still in a

---

[1] "RMII" refers to Plaintiff Rothschild Mobile Imaging Innovations, LLC.
[2] "Mitek" refers to Defendant Mitek Systems, Inc.
[3] "Banks" refers to JPMorgan Chase & Co., JPMorgan Chase Bank, N.A, Bank of America Corporation, Bank of America, N.A, Citigroup Inc., Citibank, N.A., Wells Fargo & Company, and Wells Fargo Bank, N.A.
[4] Defendants do not contest that NCR Corporation and Fiserv, Inc. neither answered nor filed any motions for summary judgment and are thus dismissed by operation of Federal Rule of Civil Procedure 41(a)(1).

relatively early stage" pursuant to a joint request to stay (D.I. 73.). Defendants' attempt to stretch the service of infringement and invalidity contentions over a two-month period and the production of less than 3,000 pages of documents pursuant to infringement disclosures into full-blown discovery on the merits lacks credibility.

Defendants' allegations regarding settlement discussions, press releases governed by the absolute litigation privilege, and RMII's correct assertion of willfulness claims are simply not relevant to the question raised by the current motion. While RMII will address the factual and legal inaccuracies of those allegations below, they have no bearing on whether RMII's claims should be dismissed without prejudice. The Court should not entertain jurisdiction to countenance Defendants' attempts to sully RMII's reputation, but instead allow dismissal without prejudice so that the parties and Court can continue on with their businesses.

### III.    ARGUMENTS AND AUTHORITIES

#### A.  All claims should be dismissed without prejudice because they are moot.

Defendants concede "[i]n view of the PTAB's decisions invalidating all asserted claims of all four patents-in-suit, no issues of liability remain in this case." (D.I. 80). Yet Defendants make the unusual request to enter judgment of non-infringement after minimal discovery, before any claim constructions positions are advanced or decided, and absent any briefing on the merits. Defendants cite no facts, cases, statutes, or rules in support of their request for judgment, but instead only criticize the cases cited by RMII that state that this case is now moot.  *See Target Training Int'l, Ltd. v. Extended Disc. N. Am., Inc.*, 645 Fed. Appx. 1018, 1022 (Fed. Cir. 2016) (finding that case must be dismissed after claims were cancelled at co-pending action at the PTAB); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a [patent] claim is cancelled, the patentee loses any cause of action based upon that claim, and **any pending litigation** in which the claims are asserted becomes **moot.**" (emphasis added)); *Nexans Inc. v. Belden Inc.*, No. CV 12-

2

1491-SLR-SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014) ("When a claim is cancelled in a parallel proceeding before the PTO, 'the patentee loses any cause of action based on that claim, and **any pending litigation** in which the claims are asserted becomes moot.'" (emphasis added)).

The reason Defendants have not cited any authority is that Federal Circuit law is clear that Defendants' claim for non-infringement is now moot. "[A] judgment of invalidity necessarily moots the issue of infringement." *Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) (finding no jurisdiction and that in light of finding of invalidity, "cross-appeal for a declaration of non-infringement is improper."); *see also Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1379 (Fed. Cir. 2003) (declining to "consider the issue of infringement of the invalid claims."). The Federal Circuit has affirmed a "district court's determination that its invalidity ruling made unnecessary an infringement analysis as to the three asserted claims." *Sandt Tech. Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1356-57 (Fed. Cir. 2001). No "public interest is served by ... resolving an infringement question after a determination that the patent is invalid." *Lough v. Brunswick Corp.*, 86 F.3d 113, 1123 (Fed. Cir. 1996) (declining to review challenge to district court's failure to grant new trial on issue of non-infringement). Even where a defendant counterclaims for a declaratory judgment of non-infringement, a holding that the claims are invalidated eliminates the need to consider infringement and can result in the Federal Circuit vacating portions of a judgment granting a declaration of non-infringement. *Weatherchem Corp. v. J.L. Clark, Inc.*, 163 F.3d 1326, 1335 (Fed. Cir. 1998). There is no authority in support of Defendants' request for a judgment of non-infringement and no authority in support of continuing jurisdiction over claims that are moot.

Nor is there any support for declaratory judgment regarding claims that were not litigated, such as unasserted patent claims or regarding products that were not accused or

were out of the case. RMII has never accused Defendants of infringing any claims outside its initial infringement contentions and the Court stayed and severed claims against the Banks. While Defendants claim that the scope of RMII's pleadings is broader than the infringement contentions, "[b]road pleadings alone do not define the scope of judgment when only a subset of those issues were litigated." *Microsoft Corp v. DataTern, Inc.*, 755 F.3d 899, 911 (Fed. Cir. 2014) (reversing-in-part summary judgment order to conform with infringement contentions) (citing *Tol-O-Matic, Inc. v. Proma Produkt-Und Mktg. Gesellschaft*, 945 F.2d 1546, 1544-55 (Fed. Cir. 1991)).  There is no remaining real case or controversy over which this Court can maintain jurisdiction. *See SanDisk Corp. v. STMicroelectronic, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007). RMII has offered Mitek a covenant not to sue for **all** of the claims of the patent-in-suit as well as related patents and applications, but Mitek declined; RMII has no present intention of bringing suit against Mitek regarding the asserted patents and has certainly not threatened to do so. As a result, this Court lacks subject matter jurisdiction and must dismiss this case without prejudice.

## B.  In the alternative, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41.

Defendants eschew consideration of this District's four-factor test under Fed. Cir. R. P. 41(a)(2) and that "[t]he possibility that a defendant will be subject to a subsequent lawsuit is **not** prejudicial." *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-cv-646, 2015 WL 887935, at *4 (D. Del. Mar. 3, 2015) (emphasis added) (citing *Reach & Assocs., P.C. v. Dencer*, C.A. No. 02–1355–JJF, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004); *Hayden v. Westfield Ins. Co.*, 586 Fed. Appx. 835, 842 (3d Cir. 2014) ("Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit.")).  Defendants do not address whether a second litigation (if it ever occurs) would be duplicitous, the total lack of preparation for trial, or whether RMII diligently moved

4

to dismiss, and must be considered to have conceded these factors. This alone favors dismissal without prejudice.

Regarding the stage of the litigation, Defendants admit "this case was in a *relatively* early stage when the stay was entered" (D.I. 83), and do not dispute that this Court characterized this case as in a "nascent stage" or that the case was delayed as a result of reassignment and the need for a new scheduling order. Instead, Defendants claim this case was substantially progressed by their pre-answer pleadings and by virtue of their service of invalidity and non-infringement contentions and less than 3,000 pages of documents relating to those infringement contentions. That is simply not enough. There was no discovery dispute, no substantive hearings, no claim construction discovery or pleadings, no *Markman* hearing, no dispositive briefing, no depositions, no expert reports, and no trial. Defendants' tactical decisions to file repeated pre-answer pleadings should not be laid at RMII's feet.

This is particularly true where Defendants complained that RMII forced it to file "multiple motions to dismiss RMII's willfulness claims." (D.I. 83 at 8.). While it is true that Judge Robinson previously dismissed RMII's willfulness claims on the basis of post-suit knowledge, Defendants failed to mention to the Court that RMII specifically pled that:

> The Court previously dismissed Plaintiff's willfulness allegations against [Defendants] based upon a lack of pre-suit notice…. Because of the failure to include a dismissed claim of an amended pleading may constitute a waiver of the right to challenge on appeal the basis for dismissal, Plaintiff repleads its willfulness allegations in this Amended Complaint. *See U.S. ex rel. Atkinson v. P.A. Shipbuilding Co.*, 473 F.3d 506 (3d Cir. 2007).

(*See*, *e.g.*, D.I. 61-1 at ¶ 28.) This was not an attempt to multiply the proceedings, but an attempt to preserve rights for appeal. As it turns out, the Supreme Court's subsequent decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016), created a "less rigid standard" that has resulted in this District ceasing to dismiss claims of willfulness based upon only post-suit knowledge. *DermaFocus LLC v. Ulthera, Inc.*, No. 15-654-SLR, 2016 WL 4263122, at *6 (D. Del. Aug. 11, 2016) (Robinson, J.). Under this new standard,

RMII's willfulness claims would not have been dismissed in the first place and it was correct for RMII to preserve this issue for appeal.

Absent any real progression in this case to support a dismissal with prejudice, Defendants use settlement communications to attempt to paint RMII as a bad actor. While Defendants concede that use of settlement communications "is in violation of Federal Rule of Evidence 408" (D.I. 83 n.2), they repeatedly cite to settlement communications to malign RMII (D.I. 83 at p.6 (citing D.I. 28 at Ex. 4, 5)). Those communications should not be considered by this Court in its decisions on the merits. But to the extent the Court considers them, the Court should know the whole picture.

The Defendants received extensions of the deadline to answer for more than three months to purportedly allow for settlement discussions. (D.I. 6, 10, 12); Declaration of Michael W. Shore ("Shore Dec.") at ¶¶ 2-3. Those discussions were with Defendants' former attorneys, Wilson Sonsini Goodrich & Rosati ("WSGR"). *See* Shore Dec. at ¶ 3. WSGR eventually withdrew as a result of a conflict with RMII, but before doing so repeatedly delayed scheduling an in-person settlement conference. *Id.* at ¶¶ 4-5.  WSGR represented that the main barrier to settlement was Mitek's lack of liquidity and inability to pay any settlement proceeds. *Id.* at ¶ 6. RMII added the Banks based upon Mitek's representations regarding its liquidity and public filings indicating two consecutive years of net losses and based upon evidence that the Banks had direct involvement in the development of the accused products. *Id.* at ¶¶ 6, 9. Thereafter, RMII proposed terms of settlement that would limit the cash outlay to Mitek based upon a capped reasonable royalty calculation. *Id.* ¶ 7. WSGR and RMII's attorneys had a heated call in response to that proposal in which WSGR baldly stated RMII's offer was "beyond the pale." *Id.* at ¶ 8. Mr. Shore sent an email memorializing that call and expressed frustration regarding Mitek's refusal to negotiate after using a promise to negotiate to obtain substantial delays, but WSGR did not respond. *Id.*

Defendants' current counsel, who was not privy to those communications or their context, has repeatedly relied upon that communication to malign RMII's counsel. RMII's tactical decision to add the Banks was based upon both Mitek's representations and public pronouncements; it is not RMII's counsel's practice to multiply litigation or to harass as those decisions are not economical for a contingency fee firm. *Id.* at ¶¶ 9, 10. In any event, there is nothing improper about utilizing publicly available information and relying upon representations of opposing counsel when making decisions about pleadings in a case. And there is nothing improper about heated settlement negotiations, particularly given Mitek's principal's own insulting and emotional behavior in a later call in which he called Mr. Rothschild, the inventor of the patents-in-suit, "similar to a bank robber" who "should be ashamed of himself" and said Mitek would "beat down" RMII. Declaration of Leigh Rothschild, at ¶ 3. To penalize those settlement discussions now would run the risk of chilling future negotiations and is against the policy of Fed. R. Evid. 408.

Defendants also take issue with a press release issued by RMII (D.I. 83 at 1, 6). This should be disregarded.  "In Delaware, an absolute privilege attaches to all statements made in the course of judicial proceedings." *Carroll v. ABM Janitorial Services-MID Atlantic, Inc.*, 970 F. Supp. 2d 292, 300 (D. Del. 2013); *see also AGC Networks, Inc. v. Relevante, Inc.*, No. 14-308-LPS, 2015 WL 1517419, at *2 (D. Del. Mar. 31, 2015).  It cannot be disputed that RMII's press release is a statement of opinion regarding ongoing litigation. In any event, Mitek issued its own press release regarding the invalidation of the asserted patent claims thereby clearing the air regarding its own contentions in this case. Declaration of Andrew M. Howard, at Ex. A.

When the facts relevant to the current issue—whether the claims in this case should be dismissed—are considered, only one result can remain. The case is moot, in its nascent

stage, and there is no case or controversy by virtue of PTAB action. The Court should dismiss it without prejudice.

### C. Defendants' arguments regarding collateral jurisdiction are premature.

The only issue before the Court is the proper resolution of this case on the merits. After the Court enters a dismissal or judgment, the parties can determine whether it is possible or feasible to brief the issues of whether there is a prevailing party, the identity of any prevailing party, whether any costs are allowable, and whether this case is exceptional. RMII expressly denies Defendants' claim that this nascent case is exceptional in any way, that Defendants have put forward any evidence or authority in support of its position that rulings at the PTAB make it a prevailing party in this case, or that any recoverable costs or attorney's fees should be awarded to Defendants.

## IV.    CONCLUSION

This Court's jurisdiction is limited to real controversies between parties and does not reach moot questions or advisory opinions. It certainly does not reach purely vindictive post-litigation attempts to malign opposing parties and their counsel after conclusion of PTAB proceedings. This case scarcely progressed in the district court, but Defendants succeeded in forcing RMII to expend fees at the PTAB and eventually devalued RMII's portfolio. That is not enough to raise continuing jurisdiction over this case. It should be dismissed without prejudice.

Dated: September 28, 2016                    STAMOULIS & WEINBLATT LLC

                                             /s/ Richard C. Weinblatt
                                             Richard C. Weinblatt #5080
                                             Stamatios Stamoulis #4606
                                             Two Fox Point Centre
                                             6 Denny Road, Suite 307
                                             Wilmington, DE 19809
                                             Telephone: (302) 999-1540
                                             Facsimile: (302) 762-1688
                                             weinblatt@swdelaw.com
                                             stamoulis@swdelaw.com


                                              Of Counsel:
                                             Michael W. Shore*
                                             Alfonso Garcia Chan*
                                             Andrew M. Howard*
                                             **SHORE CHAN DEPUMPO LLP**
                                             901 Main Street, Suite 3300
                                             Dallas, TX 75202
                                             Telephone: (214) 593-9110
                                             Facsimile: (214) 593-9111
                                             mshore@shorechan.com
                                             ahoward@shorechan.com
                                             achan@shorechan.com

                                             * Admitted Pro Hac Vice
                                             **ATTORNEYS FOR PLAINTIFF**
                                             **ROTHSCHILD MOBILE IMAGING INNOVATIONS,**
                                             **LLC**

9